**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Adeshina O. Oshilaja, Rebecca S. Indermaur,        Plaintiffs,   vs.   Ms. Yvonne Watterson; Gateway Community High School; Gateway Community College; Maricopa County Community College District,        Defendants. | No. CIV 05-3429-PHX-RCB   O R D E R |

In accordance with this court's order, the Clerk of the Court entered a Taxation of Costs Order in the amount of $3,302.10 (doc. 39).  Plaintiffs were to pay those costs to defendants because the latter had prevailed in this action.  See Oshilaja v. Watterson, 2007 WL 2903029 (D.Ariz. Sept. 30, 2007).  Currently pending before the court is a "Motion for Reconsideration of Taxation of Costs Order" by plaintiffs *pro se*, Adeshina O. Oshilaja and Rebecca S. Indermaur (doc. 40).  Claiming severe financial hardship if plaintiffs are required to pay those taxable costs, they are

1  seeking to have the court "forgive[] . . . th[a]t debt." Id. at 2.
2  Defendants respond that plaintiffs' motion is moot because they
3  "have not attempted to recover their costs from plaintiffs despite
4  the award, and they have no intention to do so in the future."
5  Resp. (doc. 41) at 1:24-26.

6      Generally a case is "moot when the issues presented are no
7  longer live or the parties lack a legally cognizable interest in
8  the outcome." City of Erie v. Pap's A.M., 529 U.S. 277, 287, 120
9  S.Ct. 1382, 1390, 146 L.Ed.2d 265 (2000) (internal quotation marks
10 and citations omitted).  A case becomes moot if "subsequent events
11 [make] it absolutely clear that the allegedly wrongful behavior
12 could not reasonably be expected to recur." Friends of the Earth,
13 Inc. V. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 170, 129
14 S.Ct. 693, 698, 145 L.Ed.2d 610 (2000) (citation omitted).

15     In the present case, at this juncture no allegedly wrongful
16 behavior is at issue.  Nonetheless, because subsequent events, in
17 the form of defendants' assurances upon which the court relies,
18 have made it "absolutely clear" that they will not be seeking
19 previously awarded taxable costs from plaintiffs, the court DENIES
20 as moot plaintiffs' motion for reconsideration of the taxation
21 order (doc. 40).  There is no longer a live controversy in this
22 case as to the taxable costs.  Accordingly, plaintiffs will not be
23 required to pay defendants' costs despite the prior Taxation of
24 Costs Order.

25     Thus, IT IS ORDERED that plaintiffs' motion for
26 . . .

27
28

1  reconsideration (doc. 40) is DENIED as moot.
2      DATED this 2nd day of June, 2009.

_____
Robert C. Broomfield
Senior United States District Judge

9  Copies to counsel of record and plaintiffs *pro se*

- 3 -